[Civil No. 287. Filed January 29, 1891.]

[73 Pac. 443.]

A. J. DORAN, Administrator of the Estate of W. A. Robart, Deceased, Plaintiff and Appellee, v. JOHN C. LOSE, Defendant and Appellant.

1. APPEAL AND ERROR—JURISDICTION—MOTION FOR NEW TRIAL—FAILURE TO FILE IN TIME.—This court has no jurisdiction to reverse the judgment of the trial court, appellant not having his motion for a new trial disposed of at the term when the judgment was rendered and not having executed his bond on appeal within twenty days of the close of the term.

2. SAME—PRESUMPTIONS—END OF TERM—COMPARE PUTNAM v. PUTNAM, ANTE, P. 182, 24 PAC. 321.—This court takes judicial notice of the fact that presumptively a term of court ends on the day prior to the beginning of a new term.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. William W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

Baker & Campbell, for Appellant.

W. R. Stone, E. J. Edwards, and Barnes & Martin, for Appellee.

PER CURIAM.—This action was to remove a cloud on the title of the appellee, as administrator of the estate of W. A. Robart, deceased, to a half interest in the Boomerang Mine, situate in Pinal County, Arizona. The case was tried below by the judge without the intervention of a jury.

The appellant, by his attorneys, presents with great force and ability legal objections to certain proceedings in the trial court, which it is urgently claimed should cause a reversal by this court of the judgment rendered in the case by the court below. We have read and considered the evidence, and, taking it all into consideration, have reached the conclusion that justice was done between the parties. If there are technical objections to parts of the proceedings, well taken at the time (which we do not decide), the record makes these objections unavailing to reverse what we consider a right and just judgment, for the record also discloses that the appellant did not have his motion for a new trial disposed of at the term of court when the judgment was rendered; nor did he execute bond for an appeal within twenty days of the close of the term. The judgment was rendered on the sixth day of February, 1889. The motion for a new trial was filed February 7, 1889. The court takes judicial knowledge of the fact that presumptively (the record not showing to the contrary) the term of court ended the day before the first Monday of April, 1889; that being the day of the beginning of a new term. (Compare *Putnam* v. *Putnam*, *ante*, p. 182, 24 Pac. 321.) The

motion for a new trial was disposed of on the twelfth day of April, 1889. The bond on appeal was executed on the second day of May, 1889, and approved and filed on the twenty-second day of May, 1889. It is thus apparent that we have no jurisdiction to reverse the judgment rendered in the case by the trial court.

Sloan, J., took no part in the consideration of this case.